IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| GLEN JENSEN, an individual, and JEFFREY ALDOUS, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>EVOLV HEALTH, LLC, a Delaware limited liability company, and, BRENT HICKS, an individual,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:14-cv-00891-EJF<br><br>Judge Dee Benson |

Pending before the court is Defendants Evlov Health, LLC and Brent Hicks's Motion to Dismiss for failure to state a claim. (Dkt. No. 17). Defendants seek dismissal under Federal Rules of Civil Procedure 8 and 12(b)(6). The court held a hearing on Defendants' motion on August 13, 2015. At the hearing, Matthew G. Grimmer and Jacob R. Davis represented Plaintiffs, and Joshua J. Bennett and Benjamin P. Harmon represented Defendants. Having considered the parties' briefs, and the argument at the hearing, the court renders the following Memorandum Decision and Order.

## BACKGROUND

The gravamen of Plaintiffs' complaint is the allegation that Defendants sued both Plaintiffs and two companies that Plaintiffs worked for—EpicEra, Inc., and eCosway USA, Inc.—in Texas for various causes of action, and used that lawsuit for improper purposes: to interfere with Plaintiffs' fledgling business, EpicEra (First Am. Compl., Dkt. 13, ¶¶ 68–92); and

to coerce eCosway to purchase the Defendants' business (id. ¶¶ 93–105). These allegations are the basis of Plaintiffs' causes of action for tortious interference with contract, and abuse of process. (Id. ¶¶ 93–105.)

The complaint and its attachments show that the Texas lawsuit is still pending, and that the Texas court has decided some issues in the Texas plaintiffs' favor; defendant Evolv Health is one of those Texas plaintiffs. (E.g., id. ¶ 39.) For example, Exhibit L to Plaintiffs' complaint shows that, although the Texas court dismissed some claims from the Texas lawsuit under a forum selection clause, the Texas court refused to dismiss various other claims against the Plaintiffs in this case, including claims for "Temporary Restraining Order, Temporary Injunction, and Permanent Injunction," and "Misappropriation of Trade Secrets." (Id., Ex. L, at 2–3.) There is no allegation in Plaintiffs' complaint that the Texas lawsuit has concluded, or that the Texas lawsuit was terminated in Plaintiffs' favor.

Plaintiffs filed this action in state court, which Defendants later removed to this court on the basis of diversity jurisdiction. (Dkt. No. 1.) After Defendants moved to dismiss Plaintiffs' original complaint, (Dkt. No. 10), Plaintiffs filed an amended complaint, (Dkt. No. 13), which Defendants now move to dismiss (Dkt. No. 17).

## **DISCUSSION**

Under Federal Rule of Civil Procedure 12(b)(6), "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Thus, Plaintiffs must plead enough "factual content" to

allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. In addition to the allegations pleaded in the complaint, the court also considers the attachments to the complaint. See Gee v. Pacheco, 627 F.3d 1178, 1186 (10th Cir. 2010). If these factual allegations fail to establish a plausible claim on which Plaintiffs could obtain relief, then their claims must be dismissed. Ledbetter v. City of Topeka, 318 F.3d 1183, 1187 (10th Cir. 2003). Moreover, a Rule 12(b)(6) motion may also be based on affirmative defenses if those defenses are apparent from the face of the plaintiff's complaint. See, e.g., Miller v. Shell Oil Co., 345 F.2d 891, 893 (10th Cir. 1965).

In their motion, Defendants raise two main arguments: (1) that the allegations in the complaint and its attachments fail to state either a tortious interference or abuse of process claim (Dkt. No. 17 at 2–6), and (2) that Plaintiffs' claims are precluded by certain affirmative defenses that are apparent on the face of Plaintiffs' pleadings (id. at 7–12). Because the court decides Defendants' motion based solely on whether Plaintiffs have pleaded plausible claims for relief, it is unnecessary to decide whether Defendants' asserted affirmative defenses also preclude Plaintiffs' claims.

## I.     Tortious Interference with Contract

Under Utah law, a plaintiff cannot plead a plausible tortious interference claim without pleading facts indicating that the defendant intentionally interfered with the plaintiff's existing or potential economic relations, by improper means, causing injury to the plaintiff. Eldridge v. Johndrow, 2015 UT 21, ¶ 63, 345 P.3d 553. Here, Plaintiffs allege that Defendants used the Texas lawsuit to interfere with Plaintiffs' company (EpicEra) and injure them. (First Am. Compl.

3

¶¶ 68–92). Defendants argue in their motion that Plaintiffs' claim fails because Plaintiffs cannot satisfy the improper means requirement without pleading that Plaintiffs prevailed in the Texas litigation. (Dkt. No. 17 at 4–5.) The court agrees.

In Leigh Furniture & Carpet Co. v. Isom, 657 P.2d 293 (Utah 1982),[1] the court upheld a jury verdict on a claim of tortious interference in favor of the plaintiff, Isom, which, as here, hinged on the defendant's allegedly improper use of prior litigation. See id. at 308–09. The evidence at trial showed that Isom's suit had been preceded by "two groundless actions," and that each prior action had terminated in Isom's favor. Id. at 299. In upholding the jury's verdict for Isom, the court held that "[b]y forcing Isom to defend what appear to have been two groundless lawsuits, the [defendant] was clearly employing an improper means of interference with Isom's business." Id. at 308–09.

Here, Plaintiffs have not alleged that the Texas lawsuit terminated in their favor. To the contrary, their complaint and its attachments definitively show that the Texas lawsuit is still pending in Texas. See, e.g., (Dkt. 13, Ex. L.) And at no point in these proceedings have Plaintiffs indicated that they are capable of amending their complaint to allege that the Texas lawsuit has terminated in their favor. What Plaintiffs argue instead is that Leigh Furniture does not require them to prevail on the prior litigation to satisfy the improper means requirement. (Dkt. No. 19 at 2–5.) Plaintiffs, however, cite no cases supporting this assertion. Nor do Plaintiffs cite any authority to support their more general position that they may plead a litigation-based tortious interference claim without pleading that prior litigation terminated in their favor.

---

[1] Overruled on other grounds by Eldridge, 2015 UT 21, 345 P.3d 553.

4832-1490-3335.1

As a threshold matter, the court disagrees with Plaintiffs' narrow reading of <u>Leigh Furniture</u>. The most plausible reading of the court's *holding* in <u>Leigh Furniture</u> is that, to satisfy the improper means requirement, a party must prevail in the prior lawsuits that form the basis of the claim. This conclusion is borne out from the court's specific mention that Isom prevailed in each of the prior actions, 657 P.2d at 299, which was the basis for the court's finding of "groundless lawsuits," <u>id.</u> at 308, and from the court's citation to its own malicious prosecution decisions as support for its decision, <u>id.</u> at 309 (citing <u>Baird v. Intermountain Sch. Fed. Credit Union</u>, 555 P.2d 877, 878 (Utah 1976)). Under Utah law, claims for malicious prosecution also require that the plaintiff prevail in the prior litigation as an element of the claim. <u>See, e.g.</u>, <u>Baird</u>, 555 P.2d at 878.

That said, even if, as Plaintiffs argue, <u>Leigh Furniture</u> did not itself require a plaintiff to prevail in the prior litigation to satisfy the improper means requirement, that would not answer the question at hand. The issue then becomes whether the Utah Supreme Court <u>would</u> require such allegations to state a claim for tortious interference, as Defendants contend. <u>See</u> <u>Schrock v. Wyeth, Inc.</u>, 727 F.3d 1273, 1280 (10th Cir. 2013). In deciding <u>that</u> issue, the court "may seek guidance from decisions rendered by lower courts in the relevant state, appellate decisions in other states with similar legal principles, district court decisions interpreting the law of the state in question, and the general weight and trend of authority in the relevant area of law." <u>Id.</u> And, having reviewed such authorities, including those cited by Defendants, the court is satisfied that, within the context of a litigation-based tortious interference claim like Plaintiffs', the Utah Supreme Court would hold that a plaintiff must plead and prove that the prior litigation

5

terminated in the plaintiff's favor. See, e.g., Pac. Gas & Elec. Co. v. Bear Stearns & Co., 50 Cal. 3d 1118, 1137, 791 P.2d 587, 598 (1990) ("[A] a plaintiff seeking to state a claim for intentional interference with contract or prospective economic advantage because defendant induced another to undertake litigation, must allege that the litigation was brought without probable cause and that the litigation concluded in plaintiff's favor."); accord Baker Driveaway Co., Inc. v. Bankhead Enterprises, Inc., 478 F. Supp. 857, 860 (E.D. Mich. 1979); Mantia v. Hanson, 190 Or. App. 412, 79 P.3d 404, 414 (2003); Blake v. Levy, 191 Conn. 257, 264, 464 A.2d 52, 56 (1983). Plaintiffs' failure to provide any contrary authority only further supports the court's conclusion.

Plaintiffs' complaint, including its attachments, shows that Texas litigation is still pending. Plaintiffs therefore cannot satisfy the improper means requirement of their tortious interference claim.

## II.   Abuse of Process

A claim for abuse of process has two elements: "an ulterior purpose; [and] second, an act in the use of the process not proper in the regular prosecution of the proceedings." Hatch v. Davis, 2004 UT App 378, ¶ 34, 102 P.3d 774. Plaintiffs allege in their complaint that Defendants abused process when they sued Plaintiffs in Texas, and thereby tried to induce Plaintiffs to purchase defendant Evolv Health's business. (Dkt. 13 ¶¶ 93–105.) Defendants argue—and the court agrees—that these allegations are insufficient to satisfy the second element of an abuse of process claim as a matter of law. (Dkt. 17 at 5–7.)

There is no material difference between Plaintiffs' allegations, and those that the court found insufficient in Crease v. Pleasant Grove City, 30 Utah 2d 451, 519 P.2d 888 (1974).

In Crease, a plaintiff alleged that the defendant initiated process on plaintiff to pressure plaintiff to pay an outstanding debt (a service charge for sewage service). 519 P.2d at 888–90. The court held that, under the facts alleged, there was "no reasonable basis to sustain a cause of action against [the] defendant . . . for abuse of process." Id. at 890. The mere fact that the process the defendant initiated "may incidentally and indirectly exert pressure for the collection of a debt," was insufficient as a matter of law to state a claim. Id. Mere allegations that Defendants obtained "further negotiating leverage" as a result of Defendants' serving Plaintiffs with process, Dkt. 13 ¶ 100, are equally insufficient.

## SUMMARY AND CONCLUSION

Plaintiffs failed to plead sufficient facts to state either a tortious interference claim or an abuse of process claim. Plaintiffs' litigation-based tortious interference claim fails because it is premature. Plaintiffs' own complaint shows that the prior litigation that forms the basis for their claim has not yet concluded, much less concluded in their favor. Plaintiffs are therefore incapable of satisfying the improper means requirement. And mere allegations that Defendants obtained "further negotiating leverage" through initiation and service of process cannot give rise to an abuse of process claim. Accordingly, for the reasons stated above, Defendants' Motion to Dismiss is GRANTED, without prejudice.

IT IS SO ORDERED.

DATED this 1st day of September, 2015.

                                                                                     _____

                                                                                     Dee Benson
                                                                                     United States District Judge

4832-1490-3335.1

## CERTIFICATE OF SERVICE

I hereby certify that on August 18, 2015, a true and correct copy of the foregoing proposed Memorandum Decision & Order was served by First-class United States mail, and email, to the following:

>Matthew G. Grimmer
>Jacob R. Davis
>GRIMMER & ASSOCIATES, PC
>Thanksgiving Point
>2975 W. Executive Parkway, Suite 192
>Lehi, Utah 84043

<em>/s/ Benjamin P. Harmon</em>